**GUCCI AMERICA, INC., Plaintiff,**

v.

**DUTY FREE APPAREL, LTD. d/b/a Duty Free Apparel, Inc., Joel Soren, Harvest Wrap, Inc., Kurt Davidsen and John Does 2–20, Defendants.**

**No. 02 CIV. 1298(VM).**

United States District Court, S.D. New York.

Dec. 19, 2003.

---

Milton Springut, Tal S. Benschar, Kalow & Springhut, L.L.P., New York City, for Plaintiff.

Steven M. Lester, East Meadow, NY, Terrence A. Oved, New York City, for Defendants.

### DECISION AND ORDER

MARRERO, District Judge.

Before the Court is a motion by plaintiff Gucci America, Inc. ("Gucci"), alleging violations of the Court's injunction of October 6, 2003 (the "Order"). *See Gucci America, Inc. v. Duty Free Apparel, Ltd.,* 286 F.Supp.2d 284, 288 (2003). Based upon the evidence presented at a hearing on December 17 and 18, 2003, and related submissions, the Court concludes that defendants Duty Free Apparel, Inc. ("DFA") and Joel Soren ("Soren"), sold counterfeit goods bearing a Gucci trademark, thereby violating the Order. Accordingly, it is hereby

ORDERED that, until further proceedings and order from the Court, DFA and Soren, along with their agents and employees, are enjoined from (1) directly or indirectly selling, offering for sale, advertising, or distributing any goods bearing a Gucci trademark, regardless of the authenticity of the goods, and from (2) moving or removing any goods bearing a Gucci trademark from any premises owned or controlled by DFA; it is further

ORDERED that pending a trial on damages, DFA, Soren, along with their agents or employees, are enjoined from destroying, altering, disposing of, moving, removing, concealing, tampering, or in any manner secreting any business records (including electronic computer devices, invoices, correspondence, books of account, receipts or other documentation) relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing a Gucci trademark; it is further

ORDERED that Gucci shall be entitled to all reasonable costs and attorney's fees associated with investigating and litigating DFA's violation of the Court's previous injunction; and it is finally

ORDERED that the parties are directed to appear before the Court for a trial on damages and contempt remedies at 9:00 a.m., January 21, 2004, in Courtroom 905 at the United States Courthouse, 40 Centre Street, New York, New York.

SO ORDERED.